## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**LAURETTA ALLEN**
    Plaintiff

**v.**                                                                                                                                                                 No. 5:07CV-00161-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

## MAGISTRATE JUDGE'S REPORT
## and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Donna Thornton-Green. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 9 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on April 26, 2006, by administrative law judge (ALJ) Randolph Schum. In support of his decision denying Title II benefits, Judge Schum entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2003.

2. The claimant has not engaged in substantial gainful activity at any time relevant to his decision (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairment: low back bulging discs (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift and carry 20 pounds and frequently lift and carry five pounds. She can stand/walk six hours in an eight hour workday with regular breaks. She can sit for six hours in an eight hour workday, with regular breaks. She can never climb ropes, stairs or scaffolds. She can never stoop, kneel or crouch.

6. The claimant is capable of performing past relevant work as sales clerk/cashier and alteration/tailor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a "disability," as defined in the Social Security Act, from January 19, 2003 through June 30, 2003, the date of last insured (20 CFR 404.1520(f)).

(Administrative Record (AR), pp. 19-22).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a <u>de minimis</u>, or significant, effect on the claimant's ability to work is "severe," and the sequential

evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Discussion

At the hearing, the plaintiff amended her alleged onset of disability date to January 19, 2003, the date she ceased working two days a week in garment tailoring / alterations (AR, pp. 630-631). She alleges that she stopped working due to depression and anxiety following breast cancer (AR, p. 628). However, in December of 2002, she told her doctor that she "will probably retire in January as the place she has worked for many years will be changing ownership" (AR, p. 187).

This case involves a closed period of disability between January 19, 2003, and June 30, 2003, when the plaintiff's insured status for Title II benefits expired (AR, p. 631). The ALJ denied the plaintiff's claim at the fourth step of the sequential evaluation process based upon a finding that the plaintiff retains the ability to perform her past relevant work as sales clerk / cashier and alterations / tailor, which was "light" as contemplated by 20 C.F.R. § 404.1567(b). The ALJ further found that the plaintiff had no "severe," or vocationally significant, depression or anxiety impairments during the closed period for the following reasons (AR, p. 21):

1. Good response to medication therapy during the relevant period.

2. Lack of a need for counseling.

3. Daily activities.

4. Situational depressive episodes.

5. The opinions of the state agency program psychologists.

The plaintiff's primary contention upon judicial review is that substantial evidence fails to support a conclusion that she did not suffer from a "severe" mental impairment during the closed period between January 19, 2003, and June 30, 2003. In support of her argument, the plaintiff points the court to evidence in the administrative record pertaining to the period prior to January 19, 2003, including the following:

1. In the early 1990's, she was admitted for psychiatric hospitalization at Charter Hospital and Lourdes 2 North (AR, pp. 627 and 634).

2. In 1995, she was prescribed Prozac by Drs. Nona Setler-Logan and Polly LeBuhn (AR, pp. 164-171).

    3.   In 1997, she suffered from depression following left radical mastectomy and chemotherapy.

    4.   In 2001, cancer specialist David Ginn, M.D., observed that she was under stress and pressure.

    5.   In 2002, Dr. LeBuhn observed that she "seems quite depressed" and "tearful" (AR, p. 302).

    6. In 2002, the plaintiff's depression was found to limit her ability to proceed with a breast biopsy (AR, p. 296).

At the second step of the sequential evaluation process, the claimant has the burden of proof. The magistrate judge concludes that the plaintiff has failed to demonstrate that the foregoing evidence is material to the closed period during which, despite these issues pertaining to her mental health, the plaintiff continued to work.

    Next, the plaintiff points to evidence after June 30, 2003, including opinions from Gordon Williams, Ph.D., indicating the presence of depression and marital problems in April of 2005 (AR, pp. 405-407). The magistrate judge concludes that the plaintiff has failed to show that this evidence is material to the closed period ending June 30, 2003, when the plaintiff's insured status for Title II benefits expired.

    The undersigned concludes that the plaintiff has failed to identify any evidence pertaining to the closed period that she suffered from a "severe," or vocationally significant, mental impairment. On the contrary, the evidence from January 19, 2003, through June 30, 2003, indicates the absence of a "severe" impairment. On March 31, 2003, Dr. LeBuhn noted that the plaintiff was "feeling much better on the Prozac" and that her depressive symptoms were "mild" (AR, p. 291).

In May of 2003, the plaintiff's physical therapist stated that the "patient has been returned to previous levels of functional capacities allowing participation in normal household, community, and work activities without restrictions" (AR, p. 181).

In February of 2004, David Ginn, M.D., noted that the plaintiff "has done well working as a caregiver and also does some alterations on the side" (AR, p. 184). In August of 2004, and again in November of 2004, the nonexamining state agency program psychologists, Drs. Mary Thompson and Dan Vandivier, opined that there was "insufficient evidence" to show that a mental impairment existed prior to the date the plaintiff was last insured on June 30, 2003 (AR, pp. 365 and 380). The magistrate judge concludes, in light of the record as a whole, that the ALJ had a substantial basis for concluding that the plaintiff failed to establish the presence of a "severe" mental impairment during the closed period and did not err in relying upon the opinions of the state agency psychologists. See 20 C.F.R. § 404.1527(f)(2)(i) ("State agency ... psychological consultants and other program ... psychologists are highly qualified ... psychologists who are also experts in Social Security disability evaluation").

Alternatively, the magistrate judge observes that this case was denied at the fourth step of the sequential evaluation, following a finding at the second step, that the plaintiff retains the ability to perform her past relevant work. As discussed above, the plaintiff carries the burden of proof at the second "severity" step of the sequential evaluation. However, the plaintiff also carries the burden of proof at step four. Hence, even if the plaintiff's principal contention is correct that the administrative record militates a conclusion that she suffered from a "severe" mental impairment during the closed period, she must also establish that said impairment precluded performance of her past relevant work.

The plaintiff argues that the vocational expert (VE) testimony in this case requires a finding of disability. The undersigned acknowledges that none of the vocational hypotheticals presented at the administrative hearing support a conclusion that the plaintiff can perform her past relevant work. Therefore, <u>if</u> the burden of proof at step four were upon the Commissioner, the Commissioner's final decision would be unsupported. However, the burden at step four is upon the claimant. Hence, vocational testimony is not <u>required</u> to support a fourth-step denial decision. <u>See</u> *Key v. Commissioner*, 109 F.3d 270 (6th Cir., 1997). The magistrate judge concludes that the plaintiff declined to cross-examine the VE or otherwise establish that her physical and mental impairments as a whole preclude performance of her past relevant work from January 19, 2003, through June 30, 2003.

Finally, the plaintiff attempts to fault the ALJ for not obtaining an updated consultative psychological assessment of her mental impairments during the closed period. The argument is unpersuasive because it was the plaintiff's burden to obtain evidence showing that her mental impairments precluded performance of her past relevant work.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).